UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                             Civil Action No.: 13-CV-10742

      vs.                                    District Judge Gerald E. Rosen

CALVIN CARTER, LARON STROUD,    Magistrate Judge Mona K. Majzoub
RAHEEN STROUD, individually and
doing business as E-FILE TAX PROS,
LLC and TAX KING,

      Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DOCKET NO. [23]

This matter comes before the Court on Plaintiff United States of America's Motion to Compel Defendants Calvin Carter, Laron Stroud, Raheen Stroud, E-File Tax Pros, LLC, and Tax King's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. (Docket no. 23.) Defendant have not filed a response. On January 13, 2014, the Parties filed a Joint Statement of Resolved and Unresolved Issues, indicating that the Parties had not resolved any of the issues in Plaintiff's motion. (Docket no. 27.) The Motion has been referred to the undersigned for consideration. (Docket no. 24.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.**     **Background**

Plaintiff alleges in its complaint, filed on February 21, 2013, that Defendants knowingly prepared fraudulent federal tax returns for customers, which understated their reported tax liabilities

by claiming improper expenses, deductions, and credits. (*See* docket no. 1.) Plaintiff alleges that Defendants' conduct has potentially cost the Plaintiff six million dollars in lost revenue, based on an estimation by the Internal Revenue Service. (*Id.* at ¶ 11.) Plaintiff further alleges that Defendants fraudulently claimed dependents and business income on their customers' tax returns to bring their reported income within the boundaries of the Earned Income Tax Credit. (*Id.* at ¶ 15.) Plaintiff also contends that Defendants fraudulently claimed the First Time Home Buyer Credit for clients who had not purchased a home within the tax year for which the credit was claimed. (*Id*. at ¶ 29.) Plaintiff asks the Court to enjoin Defendants from acting as federal tax-return preparers. (*Id.* at ¶ 59.)

Plaintiff served its First Set of Interrogatories and Requests for Production of Documents on Defendants on April 26, 2013. (Docket no. 23-1 at 1.) Defendants objected to Interrogatory no. 1 on the ground that it seeks information beyond the permissible scope of discovery and is unduly burdensome. (Docket no. 23-2 at 2.) Defendants also objected to RFP nos. 1-4. Defendants refer to their response and objection stated for Interrogatory no. 1 as their response to RFP nos. 1 and 2, and object to RFP nos. 3 and 4 on the basis that they are unduly burdensome and beyond the scope of discovery. (Docket no. 23-2 at 7-8.) Counsel for both parties met on October 29, 2013, at which time counsel for Defendants informed Plaintiff's counsel that Defendants had not provided him with any documents to produce, but that he was attempting to contact his clients concerning the issue. (Docket no. 23-1 at 1.) Plaintiff then filed its Motion to Compel on November 5, 2013. (Docket no 23.)

**II.     Governing Law**

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably

calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

**III.   Analysis**

Defendants objected to Plaintiff's Interrogatory no. 1 and Request for Production of Documents nos. 1-4, and have failed to respond to Plaintiff's Motion to Compel. The Parties filed a Joint Statement of Resolved and Unresolved Issues, which indicates that the issues in Plaintiff's Motion have not been resolved. Because the issues in Plaintiff's Motion are unresolved and Defendants have offered no written response to Plaintiff's Motion to Compel , the Court is inclined

to grant the motion. Nevertheless, the undersigned will address Plaintiff's Motion to Compel on the merits.

### A. Plaintiff's Interrogatory Number 1

Plaintiff's Interrogatory no. 1 asks Defendants to "[i]dentify all individuals or entities for whom you . . . filed, prepared, and/or signed federal tax returns from 2009 to the present." (Docket no. 23-2 at 1.) Defendants objected to this interrogatory, reasoning that it seeks information beyond the permissible scope of discovery and is unduly burdensome. (*Id.* at 2.) Plaintiff, in its Motion, alleges that Interrogatory no. 1 is neither unduly burdensome nor outside the scope of relevant discovery. (Docket no. 23.)

To support its burden argument, Plaintiff cites to 26 U.S.C. § 6107(b), which states that

> [a]ny person who is a tax return preparer with respect to a return or claim for refund shall, for the period ending 3 years after the close of the return period (1) retain a completed copy of such return or claim, or retain on a list, the name and taxpayer identification number of the taxpayer for whom such return or claim was prepared.

26 U.S.C. § 6107(b). The Court finds that because Plaintiff's interrogatory does not seek information beyond what Defendant is required to retain by law, such a request is not unduly burdensome.

With regard to relevance, Defendants object to Interrogatory no. 1 claiming that it is outside the scope of relevant discovery. (Docket no. 23-2 at 2.) The premise of Interrogatory no. 1 is not outside the scope of relevant discovery because the identities of individuals or entities for whom Defendants prepared tax returns are relevant to the allegations stated in Plaintiff's Complaint. The Court will, therefore, order Defendants to provide full and complete written answers, without objection, to Interrogatory no. 1 within 30 days of this Opinion and Order.

**B.    Plaintiff's Requests for Production of Documents Nos. 1 through 4**

Defendants' responses to Plaintiff's Requests for Production nos. 1 and 2 refer to their objection made to Interrogatory no. 1. (Docket no. 23-2 at 7.) Defendants responded to Plaintiff's Requests for Production nos. 3 and 4 stating that the claim information requested is beyond the scope of permissible discovery and is unduly burdensome. (*Id.*)

Request for Production no. 1 seeks a client list of individuals for which Defendants prepared federal tax returns since the year 2009. (Docket no. 23-2 at 7.) As previously noted, to support its argument, Plaintiff cites to 26 U.S.C.§ 6107(b), which requires Defendants to retain a list of customers for whom they have prepared tax returns for three years after their creation. For the same reasons that the Court ordered a response to Interrogatory no. 1, the Court will order production of any documents responsive to RFP no. 1.

Request for Production no. 2 seeks "[c]opies of all federal tax returns . . . filed, signed and/or prepared by you, E-File Tax Pros LLC and Tax King to the present." (Docket no. 23-2 at 7.) Defendants offer their objection to Interrogatory no. 1 as their objection to RFP no. 2. The Court finds that RFP no. 2 is overbroad in terms of temporal scope. Thus, the Court will grant Plaintiff's Motion to Compel a response to RFP no. 2, but will limit it to copies of all federal tax returns (original and/or amended) filed, signed, and/or prepared by Defendants from 2009 to the present.

Request for Production no. 3 seeks

> [a]ll documents pertaining in any way to the filing, preparation, and/or signing of federal tax returns by you, E-File Tax Pros LLC and Tax King for individuals or entities since 2009, including: (a) documents reflecting the amounts paid to you, E-File Tax Pros LLC, and Tax King by each individual or entity for the preparation of their federal tax return(s), how the individual or entity made the payment, and when the individual or entity made the payment; (b) all substantiating documentation in

5

> support of the claims, credits, wages, expenses, and/or any other information reported on the federal tax returns.

(Docket no. 23-2 at 8.) Plaintiff contends that the supporting documents are relevant to determine whether the claims made on returns prepared by Defendants are "correct, false or fraudulent" and that the payment information is relevant to determine whether Defendants were paid, and how the payment amount was calculated. (Docket no. 23 at 6.) Plaintiff further alleges that any inference to be drawn from the supporting documents is relevant to a claim made by Plaintiff or a defense asserted by Defendants. The Court agrees and will order Defendants to produce all documents responsive to Plaintiff's RFP no. 3 within 30 days of this Opinion and Order.

RFP no. 4 asks Defendants to produce "[a]ll e-mails, letters, or correspondence related to the filing, preparing, or signing of federal tax returns by you, E-File Tax Pros LLC and Tax King for any individuals or entities since 2009." (Docket no. 23-2 at 8.) Defendant objects on the basis of relevancy and burden. (*Id.*) Plaintiff contends that Defendants' correspondence regarding its customers' tax returns is relevant to determine whether claims made on the returns are false and whether Defendants made false representations to their customers. (Docket no. 23 at 7.) The Court is satisfied that correspondence between Defendants and their customers is reasonably calculated to lead to discovery of relevant facts and will grant Plaintiff's Motion to Compel a response to RFP no. 4.

### C. Plaintiff's Requests for Production of Documents Nos. 5 and 6

Defendants did not respond to Plaintiff's RFP no. 5, and, with regard to RFP no. 6, Defendants agreed to produce all responsive, non-privileged documents, but to date have failed to

6

do so. (Docket no. 23-2 at 9; *see* docket no. 23.) The Court will order production of all documents responsive to Request for Production nos. 5 and 6 within 30 days of this Opinion and Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [23] is **GRANTED.** Plaintiff's Request for Production of Documents no. 2, however, is limited to copies of all federal tax returns (original and/or amended) filed, signed, and/or prepared by Defendants from 2009 to the present. Defendants are ordered to provide, without objection, full and complete responses to Interrogatory no. 1, and produce, without objection, all documents responsive to Requests for Production of Documents nos. 1-4, within 30 days of this Opinion and Order.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of 60 days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 11, 2014          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated:  June 11, 2014          s/ Lisa C. Bartlett
                               Case Manager