UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      CIVIL ACTION NO. 13-cv-10742

        v.                             DISTRICT JUDGE GERALD E. ROSEN

CALVIN CARTER, LARON           MAGISTRATE JUDGE MONA K. MAJZOUB
STROUD, and RAHEEN STROUD,
individually and doing business as
E-FILE TAX PROS, LLC and TAX
KING,

        Defendants.
_____/

### REPORT AND RECOMMENDATION

Plaintiff United States of America initiated this action on February 21, 2013, alleging that Defendants Calvin Carter, Laron Stroud, and Raheen Stroud, individually and doing business as E-File Tax Pros, LLC and Tax King, knowingly prepared fraudulent federal tax returns for customers, which understated their reported tax liabilities by claiming improper expenses, deductions, and credits. (*See* docket no. 1.)  Before the Court is Plaintiff's Motion to Hold Defendants in Contempt and for an Order to Show Cause.  (Docket no. 31.)  Defendants responded to Plaintiff's Motion, Plaintiff replied to Defendants' Response, and Defendants responded to Plaintiff's Reply.  (Docket nos. 35, 36, and 38.)  The Motion has been referred to the undersigned for consideration. (Docket no. 32.)  The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(e)(6)(B).

## I. RECOMMENDATION

For the reasons stated herein, Plaintiff's Motion to Hold Defendants in Contempt and for an Order to Show Cause (docket no. 31) should be **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Defendants should be ordered to appear before the Honorable Gerald E. Rosen on a date certain to show cause why they should not be held in contempt for failing to comply with the Court's June 11, 2014 Order; and

(2) Unless Defendants satisfactorily show cause as to why they have not fully complied with the Court's June 11, 2014 Order, they should be held in civil contempt of court, ordered to purge themselves of the contempt by producing information and documents in accordance with the Court's June 11, 2014 Order, and sanctioned in the amount of $100.00 per day beginning on the date the contempt order is issued, until they have fully complied with the Court's June 11, 2014 Order. If, within twenty-eight days of the Court's contempt order, Defendants have still not fully complied with the Court's June 11, 2014 Order, the sanction amount should be increased to $500.00 per day.

## II. REPORT

### A. Certified Facts

"Except in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Rather, the Magistrate Judge must proceed under 28 U.S.C. § 636(e)(6)(B)." *U.S. v. Hendrickson*, No. 06-11753, 2010 WL 2318770, at *1 (Apr. 16, 2010). This section provides as follows:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B).

Accordingly, the undersigned certifies the following facts:

1. Plaintiff served its First Set of Interrogatories and Requests for Production of Documents on Defendants on April 26, 2013. (Docket no. 23-1 ¶ 1.)

2. Defendants either objected to and/or did not respond to Plaintiff's Interrogatory no. 1 and Request for Production (RFP) nos. 1-6. (*See* docket nos. 23-2, 23-3, and 23-4.)

3. On November 5, 2013, Plaintiff filed a Motion to Compel Defendants to answer in full Plaintiff's Interrogatory no. 1 and produce documents in response to Plaintiff's RFP nos. 1-6. (Docket no. 23.) Defendants did not respond to Plaintiff's Motion.

4. The Court granted Plaintiff's Motion to Compel on June 11, 2014 and ordered Defendants to fully respond to Plaintiff's discovery requests within thirty (30) days of the Opinion and Order.[1] (Docket no. 30.)

5. On September 9, 2014, Plaintiff filed the instant Motion to Hold Defendants in Contempt and for an Order to Show Cause, alleging that Defendants have not yet provided an answer to Plaintiff's Interrogatory no. 1 or produced any documents responsive to Plaintiff's RFP nos. 1, 3, 4, 5, or 6. (Docket no. 31 at 5-6.) Plaintiff indicates that Defendants have partially responded to RFP no. 2 by producing tax returns from 2010, 2011, and 2012, although not in a readily-accessible format that replicates the documents exactly as they were created by Defendants. (*Id*. at 5.) As relief, Plaintiff asks the Court to issue an order requiring Defendants to personally appear before the Court to show cause why they should not be held in contempt, find Defendants in contempt, impose a daily fine of $100.00 or more upon each Defendant until each fully complies with the Court's June 11, 2014 Order, and, if Defendants do not comply within fourteen (14) days, incarcerate each Defendant until compliance is reached. (*Id*. at 9-10.)

---

[1] RFP nos. 5 and 6 were inadvertently omitted from the Court's final order on page seven of the Opinion and Order; however, it is unambiguous that the Court fully intended to order production of documents responsive to those requests as evidenced by the last sentence of the preceding paragraph, which states, "The Court will order production of all documents responsive to Request for Production nos. 5 and 6 within 30 days of this Opinion and Order." (Docket no. 30 at 7.)

3

6. In Defendants' September 29, 2014 Response to Plaintiff's Motion, Defendants' counsel indicates that Defendants assured him that they would deliver to him a backup hard drive containing all of the information Plaintiff requested by September 30, 2014, which Defendants' counsel would then deliver to Plaintiff. (Docket no. 35 ¶¶ 3-5.) Defendants also claim that they do not have paper documentation for all taxpayers due to their practice of returning supporting documentation to the taxpayers at the time of processing their returns. (*Id*. ¶ 6.)

7. Plaintiff replied to Defendants' response on October 6, 2014, maintaining and clarifying the arguments set forth in its Motion. (Docket no. 36.) At the time of Plaintiff's Reply, Plaintiff had not received the backup hard drive promised by Defendants. (*Id*. at 2.)

8. On October 8, 2014, Defendants responded to Plaintiff's Reply to indicate that they had forwarded a flash drive to Plaintiff that same day. (Docket no. 38.) Defendants do not specify what information or documents the flash drive contains.

9. In a January 15, 2015 Joint Motion to Extend the Court's Scheduling Order, Plaintiff indicates that it is waiting for a ruling on its Motion for Contempt before taking Defendants' depositions because the Court, in its June 11, 2014 Order, ordered Defendants to produce documents that may be pertinent to their depositions. (Docket no. 39 at 1.)

**B.     Governing Law**

Federal Rule of Civil Procedure 37(b)(2)(A) provides a non-inclusive list of sanctions a court may impose against a party who fails to obey a discovery order. Those sanctions include:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii)   striking pleadings in whole or in part;
(iv)    staying further proceedings until the order is obeyed;
(v)     dismissing the action or proceeding in whole or in part;
(vi)    rendering a default judgment against the disobedient party; or
(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Sanctions may also include an order requiring the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the party's failure. Fed. R. Civ. P. 37(b)(2)(C), (d)(3).

It is within the court's sound discretion whether to hold an individual in contempt, but such a sanction "should not be used lightly." *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.,* 340 F.3d 373, 378 (6th Cir. 2003). Moreover, when contempt is sought by a party, the party seeking contempt must demonstrate by clear and convincing evidence that the individual "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *M & C Corp. v. Erwin Behr GmbH & Co.*, 289 F. App'x 927, 935 (6th Cir. 2008) (internal quotations omitted). Any ambiguity in the Court's order is resolved "in favor of the party charged with contempt." *Id.* The burden then shifts to the individual charged with contempt to make a categorical and detailed showing that compliance is impossible. *U.S. v. Rylander*, 460 U.S. 752, 757 (1983); *U.S. v. Conces*, 507 F.3d 1028, 1043 (6th Cir. 2007).

**C.     Analysis**

Based on the certified facts outlined above, Plaintiff has clearly demonstrated that Defendants violated the Court's June 11, 2014 Order by failing to provide full and complete responses to Plaintiff's Interrogatory no. 1 and RFP nos. 1-6 within thirty days. The parties' January 15, 2015 Joint Motion indicates that Defendants still had not complied as of that date. It is unclear whether Defendants have produced any responsive documents or information since then. Defendants' only purported excuse for their non-compliance, that they do not have paper documentation for all taxpayers, is insufficient to meet their burden of demonstrating that compliance with the Order is impossible. Accordingly, the undersigned will recommend that Defendants be held in contempt; however, Defendants' behavior does not necessarily warrant a penalty of incarceration as Plaintiff suggests.

**D.     Conclusion**

For the reasons set forth above, it is recommended that the Court **GRANT IN PART** and **DENY IN PART** Plaintiff's Motion to Hold Defendants in Contempt and for an Order to Show Cause (docket no. 31) as follows:

(1) Defendants should be ordered to appear before the Honorable Gerald E. Rosen on a date certain to show cause why they should not be held in contempt for failing to comply with the Court's June 11, 2014 Order; and

(2) Unless Defendants satisfactorily show cause as to why they have not fully complied with the Court's June 11, 2014 Order, they should be held in civil contempt of court, ordered to purge themselves of the contempt by producing information and documents in accordance with the Court's June 11, 2014 Order, and sanctioned in the amount of $100.00 per day beginning on the date the contempt order is issued, until they have fully complied with the Court's June 11, 2014 Order.  If, within twenty-eight days of the Court's contempt order, Defendants have still not fully complied with the Court's June 11, 2014 Order, the sanction amount should be increased to $500.00 per day.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which

raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 19, 2015                s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: May 19, 2015                s/ Lisa C. Bartlett
                                   Case Manager